UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SHAWN PARIS,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Commissioner of Social Security,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 3:20-CV-441-CHB<br><br>**MEMORANDUM OPINION AND ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Shawn Paris filed this action seeking review of the decision by Defendant Commissioner of Social Security to deny Paris's application for Disability Insurance Benefits ("DIB"). [R. 1]. Paris submitted his Fact and Law Summary on September 30, 2021, [R. 18], and the Commissioner submitted her Fact and Law Summary on January 31, 2022, [R. 23]. Magistrate Judge Edwards issued a Report and Recommendation ("R&R") on July 14, 2022, recommending that the Commissioner's decision be affirmed. [R. 24, p. 14]. On July 29, 2022, Paris filed his Objections to Report and Recommendations, [R. 25]. The Commissioner filed her Response on August 12, 2022. [R. 26]. For the reasons stated below, the Court will adopt Magistrate Judge Edwards' R&R, [R. 24], and overrule Paris's Objections, [R. 25].

### I. Standard of Review

When a party timely objects to a R&R, the Court reviews *de novo* only those portions of the report to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). On review, the Court "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II. Analysis

In her R&R, which was filed on July 14, 2022, Magistrate Judge Edwards provided the parties express notice of the deadline for filing objections and advised the parties of the consequences of failing to file timely objections. *See* [R. 24, p. 15]. Specifically, the parties were instructed to file objections to the R&R no later than fourteen (14) days after being served with the R&R. *Id.*; *see also* FED. R. CIV. P. 72(a). The parties were also warned that failure to file timely objections would result in a waiver of appeal. *See* [R. 24, p. 15]. Accordingly, the parties had until 5p.m. on July 28, 2022, to file any objections. Paris, however, did not file his objections until after the deadline, on July 29, 2022. [R. 25]; *see also* [R. 26, p. 1 ("Despite the explicit warning by the Magistrate Judge, Plaintiff filed Objections … one day late.")]. In addition, Paris neither obtained leave of Court to file his untimely objections nor provided good cause as to why his objections were untimely. *See* [R. 26, p. 1 ("Plaintiff did not acknowledge the late filing or provide good cause for why the objections were untimely.")]; *see also Allen v. Comm'r of Soc. Sec.*, No. 17–5960, 2018 U.S. App. LEXIS 14982, at *4 (6th Cir. June 4, 2018) (citing *Thomas*, 474 U.S. at 155) (explaining that "exceptional circumstances may warrant departure from the waiver rule in the interests of justice"). Consequently, the Court need not address the merits of Paris's untimely objections but may resolve the matter on the grounds of waiver. *See Allen*, 2018 U.S. App. LEXIS 14982, at *3–4 (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("By failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court and [the Sixth Circuit] '[a]s long as [he] was properly informed of the consequences of failing to object.'"); *see also Rhoads v. Comm'r of*

*Soc. Sec.*, No. 2:14–cv–318, 2014 U.S. Dist. LEXIS 152310, at *2–3 (S.D. Ohio Oct. 28, 2014) (where the court declined to address plaintiff's objections to the R&R on the merits because, without good cause, they were filed a day late). Accordingly, Paris's Objections [R. 25] are deemed waived and, therefore, overruled.

Nevertheless, the Court has reviewed the record in this case, including the R&R, Objections, and Response, and agrees with Magistrate Judge Edwards' analysis and findings as outlined in the comprehensive R&R.

### III. Conclusion

For the above reasons, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

1. The decision of the Commissioner is **AFFIRMED**.
2. The Magistrate Judge's Report and Recommendation, **[R. 24]**, is **ADOPTED** to the extent not inconsistent with this opinion.
3. Plaintiff Paris's Objections, **[R. 25]**, are **OVERRULED**.
4. A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This the 17th day of August, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY